UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-278-BR
No. 5:16-CV-621-BR

| | |
|---|---|
| LATRICIA NICOLE CUTLER, | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 177.) Although she received notice, (DE # 179), petitioner did not file a response to the government's motion.

In 2008, petitioner pled guilty to one count of conspiracy to manufacture, distribute, and possess with the intent to distribute controlled substances in violation of 18 U.S.C. § 846 and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). In 2009, the court sentenced petitioner to a total term of 195 months imprisonment. Petitioner did not appeal. In February 2016, the court reduced petitioner's sentence on the drug trafficking count by 15 months pursuant to 18 U.S.C. § 3582(c)(2).

Petitioner filed her § 2255 motion on 27 June 2016. (DE #173.) In response, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling her to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Walker

v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) (recognizing that the standards of Rule 12(b)(6) apply to the government's motion to dismiss a habeas corpus motion under 28 U.S.C. § 2254).

Petitioner attempts to assert a claim based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015). "In *Johnson*, the Supreme Court held that the definition of 'violent felony' found in the residual clause of the Armed Career Criminal Act is unconstitutionally vague. 135 S. Ct. at 2557. That clause defines a 'violent felony' as any felony that 'involves conduct that presents a serious potential risk of physical injury to another.' 18 U.S.C. § 924(e)(2)(B)(ii)." United States v. Hare, 820 F.3d 93, 106 n.10 (4th Cir.), cert. denied, (U.S. 2016).

Initially, petitioner appears to contend that her sentence should be shortened because she was sentenced as a career offender under U.S.S.G. § 4B1.1(a) based on prior convictions for a crime of violence. The definition of "crime of violence" under U.S.S.G. § 4B1.2(a) (2008) includes the same language the Court found unconstitutional in Johnson. However, petitioner was not sentenced as a career offender. (See PSR ¶¶ 22, 40-46.) Therefore, she is not entitled to relief on this ground.

Next, petitioner suggests that her firearm conviction should be vacated because she was convicted of possession of a firearm in furtherance of a crime of violence, the definition of which under 18 U.S.C. § 924(c)(3)(B) is similar to the language the Court found unconstitutional in Johnson. As noted previously, however, petitioner was convicted of possession of a firearm in furtherance of a *drug trafficking crime*. Johnson is irrelevant to a conviction for that crime.

In summary, neither petitioner's conviction nor sentence was based on, or enhanced due to, any felony involving conduct that presents a serious potential risk of physical injury to another, and therefore, Johnson has no application to petitioner's case. Accordingly, she has failed to state a claim entitling her to relief. The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the

2

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 17 October 2016.

_____
W. Earl Britt
Senior U.S. District Judge