UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CR-278-BR

UNITED STATES OF AMERICA

v.

LATRICIA NICOLE CUTLER

ORDER

This matter is before the court on defendant's motions "for judicial recommendation and modification of a term of imprisonment for Second Chance Act" pursuant to 18 U.S.C. §§ 3621 and 3624(c), and for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), along with supporting exhibits. (DE ## 185, 186, 187.)

In the former motion, defendant requests that the court modify the judgment to include a recommendation of her placement for 12 months in a reentry program.

> The [Bureau of Prisons ("BOP")] has exclusive statutory authority over a prisoner's place of imprisonment. 18 U.S.C. § 3621(b); *see also United States v. Swisher*, No. 3:11-CR-67, 2013 U.S. Dist. LEXIS 40190, at *1 (N.D.W. Va. Mar. 22, 2013). While the Second Chance Act expands the BOP's authority to place prisoners in a halfway house, it does not vest that authority in this court. 18 U.S.C. § 3624(c)(1); *see also United States v. Squire*, No. 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). The BOP has sole discretion in deciding whether to place a prisoner in a halfway house, and if so, for how long. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3rd Cir. 2005) (holding that the BOP must analyze the five factors in § 3621(b) and "that the BOP may assign a prisoner to [a halfway house] does not mean that it must").

United States v. Shroyer, No. 2:17CR00003, 2017 WL 4684192, at *1 (W.D. Va. Oct. 18, 2017). While the court commends defendant for the progress she has made during incarceration, the court believes, at this time, the BOP is in the best position to determine whether defendant

should be placed in a reentry program.  See id.  Defendant's motion for a recommendation for reentry program placement is DENIED.

Defendant also requests that the court reduce her sentence based on Amendment 782 to the sentencing guidelines and the decision in Hughes v. United States, 138 S. Ct. 1765 (2018). Neither ground warrants relief.  First, the court has already reduced defendant's sentence (on Count 1) from 135 months to 120 months based on Amendment 782.  (DE ## 170, 171.) Second, in Hughes, the Court held that a defendant who has entered into a Rule 11(c)(1)(C) plea agreement is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the sentencing guidelines.  138 S. Ct. at 1776-77.  Because defendant's plea agreement is not a Rule 11(c)(1)(C) plea agreement, see United States v. Hampton, Nos. 17-4758, 17-4763, 18-4077, 2018 WL 4360904, at *2 (4th Cir. Sept. 13, 2018) (recognizing that a plea agreement containing an agreement regarding a particular provision of the sentencing guidelines, "but [stating] that such a promise was not binding on the district court," is a plea agreement under Rule 11(c)(1)(B)), (see also Plea Agreement, DE # 71, at 6 (stating the parties' agreement as to sentencing factors is not binding on the court), Hughes has no application to the court's consideration of defendant's motion for a sentence reduction, and it is therefore DENIED.

This 11 October 2018.

_____
      W. Earl Britt
      Senior U.S. District Judge